## JACOBS et v FELDMAN

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10162.   Decided December 9, 1929

Messrs. Locher, Green & Woods, Cleveland, for Jacobs et.

Messrs. Grossman & Grossman, Cleveland, for Feldman.

### SULLIVAN, J.

From an examination of the record including the opening statement and the pleadings, it appears that one of the claims of defendants is that the plaintiff, Harry Felman, and the payee of the note is not entitled to recover because there was an agreement prior to the execution of the note, on the part of the defendants, that Max Glick was to become a maker upon the note and that until he executed the same the note was not to be considered a liability.

It is conceded in argument that the note itself was delivered in due course to the plaintiff and that he was to see that Max Glick executed the note. Thus it becomes a status in the case that the note actually was delivered by the makers to the payee but it is claimed that a reservation with respect to the delivery and the accruing of liability upon the note, that the instrument was not to become legally effective until Glick signed the same as maker.

Of course if this were the naked case for us to consider it would appear quite clear and plain that the court committed error in granting the motion for judgment upon the opening statement and the pleadings, because such an agreement would become effective as to each and every maker of the note because of the condition imposed but inasmuch as we are considering the judgment of the court below as the pleadings and the opening statement apply to it, we must look to the answer of the defendant to see whether the opening statements and proposals of proof are repugnant to the theory and the allegation of the defense. As to the defense of set-off in the sum of $10,800.00, the basis of that is the claim of Max Glick who is not a party to the proceedings and the question at once arises, can the defendants take advantage of that claim of set-off in favor of Max Glick, for and in behalf of themselves who claim no set off? Of course the answer must be that with such a status in the case the pleadings and the opening statement of the defense are not consistent. It is well settled that the opening statement is equivalent to the proof in the case at the end of the trial, and in the absence of an amendment to conform to the proof there would be a variance if it is material and substantial.

The allegations of the answer make it plain that the defendants claimed the right to a set-off because of the indebtedness to Glick and this upon its face is impossible because the set-off must be claimed by the party in whose favor it runs and if that party is not of record to the proceedings then he cannot avail himself of it because he is not a party to the proceedings and the defendants in the case cannot avail themselves of it for the same reason, and in addition thereto for the reason that the set-off does not run to them, so that in our judgment no proof could have been offered under that portion of the answer which sets up this defense of set-off, and consequently the opening statement having reference to the same is immaterial and of no avail because of its legal insufficiency and lack of evidentiary substance. Again, in considering the question as to the action of the court below

we must take into consideration that part of the opening statement was the answer and that there is attached to this answer, as a part of the pleading, an agreement to which Feldman and Glick are parties, and in this agreement there is no provision which specifies Glick a a maker of the note but on the contrary the inference is otherwise, because the names of the makers of the note are stipulated and it is a fair conclusion that inasmuch as Glick's name does not appear amongst them that his name was not intended to be included. However, that may be, as a matter of fact, it was not included, so therefore we see a repugnance between the offer of proof which is the opening statement and the pleadings upon this particular question.

In our judgment the written agreement is an estoppel against the defendants for the assertion of their claim that Glick was to become a maker of the note and not having jointly executed the same, that it was invalid because it was conditional. Thus it will be seen from our reasoning that there is lacking in the offer of proof the nexus which is necessary in order to hold Glick and this being true we think the court was correct in its conclusion that Glick, not being a party to the litigation, and the repugnancy between the pleadings and the opening statement, has no legal status in the case at bar by which there may be an adjustment of his financial relations with the plaintiff below and thus holding the judgment of the common pleas court is hereby affirmed.

Vickery, PJ., and Levine, J. concur.